UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RAMON ORTEZ, JR.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **RENTGROW, INC., et al.,** ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 24-10376-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTIONS TO DISMISS

**SAYLOR, C.J.**

This is an action challenging a credit-reporting agency's use of an inaccurate criminal history in a tenant-screening report.

In 2002, plaintiff Ramon Ortez, Jr., was convicted of several drug offenses under South Carolina law. He was sentenced to twelve years in prison. However, in 2021, he was pardoned of those crimes.

In 2022, Ortez applied for housing at several apartment communities in Columbia, South Carolina. As a part of the application process, his prospective landlords requested and received tenant-screening reports from defendant RentGrow, Inc. RentGrow's reports on Ortez contained records of his 2002 drug convictions, but not the subsequent pardon. His applications for housing were denied.

Ortez has sued RentGrow and 10 unspecified defendants under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, alleging that RentGrow failed to "use reasonable procedures to assure maximum possible accuracy" in the reports, as the statute requires. 15

U.S.C. § 1681e(b). The complaint also alleges that RentGrow and the 10 unspecified defendants failed to provide him with his complete file upon request, violating 15 U.S.C. § 1681g(a). RentGrow has moved to dismiss the suit for failure to state a claim upon which relief can be granted. For the following reasons, the motion will be denied as to the § 1681e claim and granted as to the § 1681g claim.

I.  **Background**

   A.  **Factual Background**

The following facts are set out in the amended complaint.

Ramon Ortez, Jr., lives in Sumter, South Carolina. (Am. Compl. ¶ 22).

RentGrow, Inc. is a credit reporting agency based in Waltham, Massachusetts. (*Id.* ¶ 24).

In February and March 2022, Ortez applied for housing at three apartment communities in Columbia, South Carolina. (*Id.* ¶¶ 5, 6, 8). The complaint alleges that at least two of the apartment communities, Deer Meadow Village and Creekside at Greenlawn, requested and received a tenant-screening report from the defendant, RentGrow, Inc. (*Id.* ¶ 10).[1]

RentGrow included Ortez's criminal history in its tenant-screening report. (*Id.* ¶ 11). The report listed his 1990 conviction for assault as well as seven convictions for drug crimes from 2002. (*Id.* ¶¶ 12, 14). The report correctly indicated that Ortez was sentenced to twelve years in prison for the drug offenses. (*Id.* ¶ 14). But the report did not include a record of the 2021 pardon Ortez received for those crimes from the South Carolina Department of Probation, Parole, and Pardon Services. (*Id.* ¶ 15). South Carolina's public criminal-history database includes a record of Ortez's pardon. (*Id.* ¶ 13). Similarly, the complaint alleges that Ortez's

---

[1] The complaint subsequently refers to "all three background check reports," implying that RentGrow also supplied its tenant-screening report to a third housing community, The Roseberry. (Am. Compl. ¶ 11). Plaintiff's opposition to the motion to dismiss states this directly. (ECF 25 at 9).

1990 assault conviction appeared in RentGrow's report without a record of its disposition, even though the disposition is publicly available in the records of Broward County, Florida. (*Id.* ¶ 12).

The complaint alleges that the report led each apartment community to deny Ortez's application. (*Id.* ¶ 19). The complaint further alleges that because he was denied housing, he lost earnings and suffered both emotional distress and damage to his reputation. (*Id.* ¶ 20).

The complaint goes on to allege that unnamed defendants, identified as Does 1-10, are each "responsible in some manner" for RentGrow's actions relating to the report, and that they were "principals or agents of each other and of [RentGrow] and with the permission and consent of [RentGrow]" during the time at issue. (*Id.* ¶¶ 25-26). The complaint further alleges that the actions of these unnamed defendants "proximately caused" Ortez's damages. (*Id.* ¶ 25).

Finally, the complaint alleges that RentGrow, either willfully, recklessly, or negligently, "violated [15 U.S.C. § 1681(g) by failing to disclose Plaintiff's full file as requested[.]" (*Id.*, Second Cause of Action ¶ 2).

### B. Procedural Background

Plaintiff filed this action on February 16, 2024, and filed an amended complaint on April 23, 2024. RentGrow has now moved to dismiss for failure to state a claim upon which relief can be granted.

### II. Standard of Review

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

**III.    Analysis**

"The FCRA imposes obligations on [credit reporting agencies] and users of consumer information[.]" *Chiang v. Verizon N.E. Inc.*, 595 F.3d 26, 34 (1st Cir. 2010) (citing 15 U.S.C. § 1681(s)). The FCRA provides for multiple enforcement mechanisms, including a private right of action. *See* 15 U.S.C. § 1681p.

There are "two different bases of liability for violation of the same substantive obligation" imposed by the FCRA, one for negligent noncompliance and one for willful noncompliance. *McIntyre v. RentGrow, Inc.*, 34 F.4th 87, 92 (1st Cir. 2022) (citing 15 U.S.C §§ 1681n, 1681o). A willful offender is subject to liability for actual, statutory, and punitive damages, while a negligent offender may be liable only for actual damages. *See* 15 U.S.C. §§ 1681n(a), 1681o(a). Under the FCRA, willfulness encompasses "reckless disregard," which includes any "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 68 (2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

4

Here, the complaint alleges both bases of liability for each of the two FCRA claims. "For simplicity's sake, we treat negligent noncompliance and willful noncompliance as distinct (but largely overlapping) claims." *McIntyre*, 34 F.4th at 92.

### A. Claims Against RentGrow

#### 1. Reasonable Procedures

Under § 1681e of the FCRA, credit reporting agencies must "follow reasonable procedures to assure maximum possible accuracy" of the information they report. 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a complaint must show that the defendant's failure to use reasonable procedures caused an inaccuracy in its report and that the inaccuracy in turn caused the plaintiff injury. *See Meuse v. Nat'l P.I. Servs., LLC*, 2023 WL 6961883 at *4 (D. Mass. Oct. 20, 2023).

As a threshold matter, "[t]o prevail on a § 1681e(b) claim, a plaintiff must demonstrate that his or her credit report sports an *actual* inaccuracy." *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66 (1st Cir. 2008) (emphasis original). An inaccuracy is an entry that is either "false or materially misleading." *McIntyre*, 34 F.4th at 96. An entry is "materially misleading" if the mistaken impression it creates "could be expected to adversely affect credit decisions," such as the decision to lease an apartment. *Id.* at 97. In *McIntyre*, the First Circuit reasoned that "a jury could find" a tenant-screening report "materially misleading and, thus, inaccurate" where the report listed a complaint filed against the plaintiff without noting that it had been withdrawn, and listed a civil judgment against her without noting that it had been satisfied. *See id.* at 97.

Here, the complaint plausibly claims that the tenant-screening report was materially inaccurate. Based on similar facts, the First Circuit in *McIntyre* denied summary judgment to RentGrow, the same defendant, on the accuracy prong of a § 1681e(b) claim. *See McIntyre*, 34 F.4th at 97. To survive a motion to dismiss, the complaint does not need to show that a jury

could side with the plaintiff, only that it is plausible that RentGrow omitting his pardon "could adversely affect" prospective landlords' willingness to rent him an apartment. *Id.* It is plausible to believe that landlords would be more willing to rent to someone who had been pardoned of several serious drug crimes than someone who had not. *Cf. id.* That is true even though, as defendant argues, South Carolina law does not *require* that a landlord ignore pardoned convictions. (ECF 24 at 6-7). Therefore, the complaint plausibly alleges that the tenant-screening report prepared by RentGrow contains several "materially misleading" entries and is inaccurate. *McIntyre*, 34 F.4th at 96.

To state a claim under § 1681e(b), the complaint must also allege that the inaccuracy arose from the defendant's failure to use reasonable procedures to ensure the accuracy of its reports. That issue is fact-driven, and depends on "the totality of the circumstances." *Id.* As long as the complaint raises a plausible inference that RentGrow did not meet its "obligation . . . to ensure the preparation of accurate reports," the § 1681e(b) claim cannot, as a matter of law, be dismissed. *DeAndrade*, 523 F.3d at 67.

Here, the complaint alleges sufficient facts to create a plausible inference that RentGrow does not use "reasonable procedures to assure maximum possible accuracy" in its reports. 15 U.S.C. § 1681e(b). According to the complaint, the plaintiff's complete criminal history is available on South Carolina's public criminal-history database, and is thus "easily verifiable." (Am. Compl. ¶ 17). The complaint also alleges that plaintiff's criminal history in Broward County is similarly publicly available and verifiable, and that the record RentGrow reported to his prospective landlord was missing a final disposition. (*Id.* ¶ 12). Although other inferences are possible, those facts taken together support a plausible inference that RentGrow has not

6

instituted reasonable procedures to ensure the accuracy of its reports, and that the failure was at least negligent.  (*Id.* ¶¶ 29-31).

Finally, to state a claim under § 1681e(b), the complaint must allege that the inaccuracies caused by defendant's failure to use reasonable procedures caused the plaintiff injury.  Here, the complaint alleges that the inaccurate report caused the apartment communities to deny the plaintiff housing.  (*Id.* ¶ 19).  It further alleges that this denial of housing caused him lost earnings, emotional distress, and reputational damage.  (*Id.* ¶¶ 20-21).  It is certainly plausible that the plaintiff's applications were rejected because of his serious criminal history.  That is enough to plead an injury caused by the defendant's alleged FCRA violation, even without a more detailed and specific account of his injuries.  It is of course possible, as defendant argues, that the communities denied the applications for other reasons, or would have denied his applications even had they included his pardon.  But at this stage, the court must "give the plaintiff the benefit of all reasonable inferences," and therefore the existence of alternative explanations do not undermine the plausibility of the complaint's claim as a matter of law.  *See Ruiz*, 496 F.3d at 5.

Accordingly, the complaint states a claim under § 1681e(b) against RentGrow, and the motion to dismiss this count will be denied.

### 2. **File Disclosure**

Under § 1681g(a) of the FCRA, consumer reporting agencies must, upon request, "clearly and accurately disclose to the consumer:  (1) [a]ll information in the consumer's file at the time of the request" and "(2) [t]he sources of the information[.]"  15 U.S.C. § 1681g(a).

Here, the complaint does not allege a plausible violation of § 1681(g).  It alleges no facts stating or suggesting that plaintiff requested his file, and no details about how defendant responded to any request that might have happened.  Instead, it simply alleges in conclusory

7

terms that defendant "violated [§ 1681(g)] by failing to disclose [p]laintiff's full file as requested including, but not limited, to all information in his file along with the sources of the information." (Am. Compl., Second Cause of Action ¶ 2). That is insufficient to "raise a right to relief above the speculative level," and therefore the motion to dismiss this claim will be granted. *Twombly*, 550 U.S. at 555.

### B. Claims Against Doe Defendants

The complaint also identifies 10 "John Doe" defendants in each of the FCRA claims. But the complaint makes only conclusory allegations that "each of the Does 1-10 . . . is responsible in some manner" for the violations it describes. (Am. Compl. ¶ 25-26). It does not contain any factual allegations identifying any actions undertaken by anyone other than RentGrow, nor can it be reasonably inferred from the allegations that there were any specific but unidentifiable people or organizations involved in the alleged violations. *See Riva v. Brasseur*, 2016 WL 9650983, at *1 (1st Cir. Sept. 12, 2016) (affirming dismissal of complaint alleging no facts on a particular claim). The complaint therefore fails to state a plausible claim as to defendant Does 1-10 and will be dismissed as to them.

### IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part as to the claim under 15 U.S.C. § 1681g(a) and the claims against the "John Doe" defendants, and is otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: September 30, 2024                    Chief Judge, United States District Court